**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DUDLEY FLYING SERVICE, INC.**                                                                                   **PLAINTIFF**

v.                                       **Case No. 3:13-cv-00156-KGB**

**AG AIR MAINTENANCE SERVICES, INC.**                                                                **DEFENDANT**

**ORDER**

Before the Court is the motion for reconsideration filed by plaintiff Dudley Flying Service, Inc. ("Dudley") (Dkt. No. 56). Dudley seeks partial reconsideration of the Court's Opinion and Order denying Dudley's motion for partial summary judgment (Dkt. No. 54). Specifically, Dudley seeks reconsideration of the Court's ruling on Dudley's *Daubert* challenge to the anticipated testimony of Dr. Arun Kumar, one of the experts for defendant Ag Air Maintenance, Inc. ("Ag Air"). Ag Air has responded in opposition (Dkt. No. 68). Dudley's amended motion *in limine* incorporates Dudley's *Daubert* challenge to Dr. Kumar's testimony (Dkt. No. 50), and Ag Air has also responded to that motion (Dkt. No. 53).

The Court heard argument on this issue from counsel for both parties at the pretrial hearing the Court conducted on April 13, 2015. At the hearing, counsel for Ag Air referenced an affidavit from Dr. Kumar that had yet to be submitted for the Court's consideration. After the hearing, counsel for Ag Air submitted the affidavit from Dr. Kumar addressing Dudley's specific attack on Dr. Kumar's report and anticipated testimony.

In determining whether expert testimony should be admitted under Federal Rule of Evidence 702, the district court must decide if the expert's testimony and methodology are reliable, relevant, and can be applied reasonably to the facts of the case. *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012); *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980

(8th Cir. 2010). Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the district court must conduct this initial inquiry as part of its gatekeeping function. *Watson*, 668 F.3d at 1015. *Daubert* is meant to protect juries from uncertain scientific testimony. *Id.* To satisfy the reliability requirement for admission of expert testimony, the party offering the expert testimony must show by a preponderance of the evidence that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid. *Barrett*, 606 F.3d at 980 (internal quotation marks and citation omitted). To satisfy the relevance requirement for the admission of expert testimony, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue. *Id.*

After hearing arguments of counsel and reviewing Dr. Kumar's affidavit, the Court sees no basis to reconsider its prior ruling that Ag Air has met its burden to demonstrate the admissibility under Rule 702 of Dr. Kumar's anticipated testimony. In challenging Dr. Kumar's anticipated testimony, even in regard to the points raised at the pretrial hearing, at most Dudley has expressed a disagreement with the underlying assumptions Dr. Kumar made in his calculations. "[M]ere disagreement with the assumptions and methodology used does not warrant exclusion of expert testimony." *Watson*, 668 F.3d at 1015 (quoting *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007)).

For these reasons, the Court denies Dudley's motion for reconsideration (Dkt. No. 56) and rules that Dr. Kumar's anticipated testimony is admissible.

SO ORDERED this the 15th day of April, 2015.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge